# In the United States Court of Federal Claims

No. 22-798
(Filed: November 30, 2022)
(NOT FOR PUBLICATION)

```
* * * * * * * * * * * * * * * * * *   *
                                      *
JAVIER REYNA,                         *
                                      *
                    Plaintiff,        *
                                      *
        v.                            *
                                      *
THE UNITED STATES,                    *
                                      *
                    Defendant.        *
                                      *
* * * * * * * * * * * * * * * * * *   *
```

*Javier Reyna*, *pro se*, of Eagle Pass, TX.

*Rebecca Sarah Kruser*, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, with whom was *Corinne Niosi*, Assistant Director, Commercial Litigation Branch, Civil Division, all of Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

**SOMERS**, Judge.

*Pro se* Plaintiff, Javier Reyna, filed suit in this Court alleging that his constitutional and civil rights were violated based on alleged actions taken by United States Border Patrol agents in Eagle Pass, Texas. As explained below, the Court lacks subject matter jurisdiction over Plaintiff's claims; accordingly, the government's motion to dismiss pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") is granted.[1]

### BACKGROUND

Plaintiff alleges that, on November 20, 2021, he was driving on a highway just outside of Eagle Pass, Texas, when Border Patrol agents stopped him "for no reason" at an inspection

---

[1] Plaintiff has also filed a Motion to Appoint Counsel. ECF No. 14. Because this Court finds that it lacks jurisdiction over any of Plaintiff's claims, that motion is denied as moot.

station.  *See* ECF No. 1 ("Compl.") at 2.[2]  According to Plaintiff, he was questioned by one of the two agents who stopped him regarding the identity of two passengers traveling with him.  *Id.*  He alleges that the Border Patrol agents then placed him under arrest for the transportation of illegal aliens.  *Id.*

Plaintiff claims that upon being escorted back to the office, he was not given "protection of [his] Miranda Rights," and that one of the agents punched him in the back and face, causing severe injuries.  *Id.* at 2–3.  He also alleges that the agent twisted his arm and wrist while simultaneously pressing on Plaintiff's hip, again causing him pain and injuries.  *Id.* at 3.  In addition to incurring substantial physical injuries, Plaintiff further alleges that the agent hurled profanities at him and suggested that Plaintiff has no rights.  *Id.*  Plaintiff asserts that once a supervisor stepped in the agent released him, but he claims that his requests for medical attention were ignored, and he was left in a cell for over three hours.  *Id.* at 4.  According to Plaintiff, he was then transferred to another Border Patrol office in Eagle Pass, Texas, where he was able to file a formal complaint with the "office[] of internal affairs."  *Id.*  Plaintiff requests monetary damages for the alleged violations of his constitutional rights and various other torts.  *Id.* at 4–5.

In addition to his complaint, on September 12, 2022, Plaintiff filed a Motion to Dismiss Charges in which he asks the Court to dismiss all criminal charges brought against him and to order the return of his automobile.  *See* ECF No. 11 at 1–2.  In that motion, he also appears to argue that the U.S. District Court for the Western District of Texas does not have jurisdiction over the criminal action pending against him.  *Id.* at 3–5; *see also* ECF No. 13 ("Pl. Opp.") at 2–4.

On September 19, 2022, the government filed its motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1).  ECF No. 12 ("Gov. Mot.").  The government argues that the Court does not have jurisdiction over Plaintiff's claims under 42 U.S.C. § 1983, *id.* at 3; over any claims asserting a violation of any constitutional provision, *id.* at 3–4; over any claims sounding in tort, *id.* at 4; or over any claim for relief related in any way to his criminal case, *id.* at 4–5.

Plaintiff filed a response to the government's motion suggesting that this Court has jurisdiction to enter judgment "against the United States or any . . . federal official of any branch."  Pl. Opp. at 1.  Additionally, for the first time, Plaintiff references 28 U.S.C. § 1495 as a potential basis for jurisdiction.  *Id.* at 4.  Moreover, although not in his complaint, Plaintiff alleges that the government has also violated 18 U.S.C. § 4241 by failing to timely release him.  *Id.* at 6.  Finally, Plaintiff reiterates his claim for money damages and his request for the return of his vehicle.  *Id.* at 5.

---

[2] On April 29, 2022, roughly three months prior to bringing suit in this Court, Plaintiff filed a complaint in the U.S. District Court for the Western District of Texas, in which he makes substantially similar allegations and claims.  *See generally* Complaint, *Javier Reyna v. Border Patrol Officer Matthews, et al.*, No. 2:22–cv–00023–AM (W.D. Tex. Apr. 29, 2022), ECF No. 1.  Plaintiff filed his Complaint in this Court shortly after judgment was entered against him by the district court for failure to timely pay a filing fee or file a proper *in forma pauperis* application.  *Id.* at ECF Nos. 12–15.

In Reply, the government responds to the new claims and arguments in Plaintiff's response. *See generally* ECF No. 15. In particular, the government explains why the Court lacks jurisdiction to dismiss Plaintiff's criminal charges and to hear his claim under 18 U.S.C. § 4241. *Id.* at 1. The government further argues that Plaintiff has not properly invoked jurisdiction pursuant to 28 U.S.C. § 1495. *Id.* at 2. Finally, the government reiterates that Plaintiff's Fourteenth Amendment claims and other allegations sounding in tort must be dismissed for lack of jurisdiction. *Id.* at 2–3.

## DISCUSSION

### A.   Legal Standard

The United States Court of Federal Claims, like all federal courts, is a court of limited jurisdiction. Under the Tucker Act, this Court may "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). However, "[t]he Tucker Act does not, of itself, create a substantive right enforceable against the United States . . . ." *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (citing *Ferreiro v. United States,* 501 F.3d 1349, 1351 (Fed. Cir. 2007)). Rather, to state a claim within this Court's Tucker Act jurisdiction, "the plaintiff must identify a separate contract, regulation, statute, or constitutional provision that provides for money damages against the United States." *Id*. Stated differently, a plaintiff must state a claim based on a provision that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained," *United States v. Mitchell*, 463 U.S. 206, 216-217 (1983) (citing *United States v. Testan*, 424 U.S. 392, 400 (1976)), and is "reasonably amenable to the reading that it mandates a right of recovery in damages," *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 473 (2003).

"It is not unusual for non-lawyers representing themselves . . . to misunderstand the nature of our court's jurisdiction." *Hawkins v. United* States, No. 19-1672 C, 2021 WL 4480876, at *5 (Fed. Cl. Sept. 30, 2021). Although a *pro se* plaintiff is held to "less stringent standards than formal pleadings by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements," *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007). Accordingly, a *pro se* plaintiff still "bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

### B.   Analysis

Plaintiff's claims are clearly not within the Court's subject matter jurisdiction. First, Plaintiff appears to bring this action against individual federal officials, just as he did in district court. Compl. at 1; *see also* Complaint, *Javier Reyna v. Border Patrol Officer Matthews, et al.*, No. 2:22-cv-00023-AM (W.D. Tex. Apr. 29, 2022), ECF No. 1. The Tucker Act, however, limits the Court's jurisdiction to claims against the United States. 28 U.S.C. § 1491; *see also Price v. United States*, 123 Fed. Cl. 560, 563 (2015) ("This court lacks jurisdiction over claims

3

where the defendant is any entity other than the United States"); *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[I]t has been uniformly held . . . [that] if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court.").

      Second, even if Plaintiff's claims were properly asserted against the United States, the Court would nonetheless lack jurisdiction over them.  Plaintiff lists a number constitutional and statutory provisions that were purportedly violated.  Compl. at 1.  However, for Plaintiff to properly invoke this Court's jurisdiction, he "must identify a separate source of substantive law that creates the right to money damages."  *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005).  Plaintiff alleges violations of 18 U.S.C. § 242, 18 U.S.C. § 4241, and 42 U.S.C. § 1983, and infringement of the rights afforded by the First, Fourth, Fifth, Sixth, and Fourteenth Amendments.  Compl. at 1.  Neither 18 U.S.C. § 242 nor 18 U.S.C. § 4241 is a money-mandating source of law; rather, both are "criminal statutes that provide no basis for a civil action in any court."  *Clarke v. United States*, No. 10–283 C, 2010 WL 2143675, at *2 (Fed. Cl. May 24, 2010); *see also Adams v. United States*, No. 07–809 C, 2008 WL 4725452, at *2 (Fed. Cl. July 16, 2008) ("This court does not have jurisdiction over criminal proceedings, including those arising under Sections 241 and 242"); *Burmaster v. United States*, 744 F. App'x. 699, 702 (Fed. Cir. 2018) (*per curiam*) (finding 18 U.S.C. § 4241 is not money-mandating and "would not help [Plaintiff] obtain monetary relief under his claim for unjust imprisonment").  The next statutory provision Plaintiff invokes is 42 U.S.C. § 1983, which provides redress for constitutional violations perpetrated by state or local officials.  Compl. at 1; *see Drake v. United States*, 792 F. App'x. 916, 920 (Fed. Cir. 2019) (*per curiam*) ("The Court of Federal Claims . . . does not have jurisdiction to entertain federal civil rights violations because the protections afforded by 42 U.S.C. §§ 1981, 1983, 1988 create liability only when injury occurs under *state* law.").  Additionally, jurisdiction over claims under 42 U.S.C. § 1983 "rests solely with the district courts."  *Maldonado v. United States*, No. 17–813, 2017 WL 3947552, at *3 (Fed. Cl. Sept. 8, 2017); *see also Ajamian v. United States,* 609 F. App'x. 652, 654 (Fed. Cir. 2015) (*per curiam*) ("[Plaintiff] references 42 U.S.C. § 1983 . . . but United States district courts have original jurisdiction over claims arising under those statutes . . . . Because the Court of Federal Claims is not a district court of the United States, . . . it does not have jurisdiction to consider [these] claims.") (citations omitted) (internal quotations and brackets omitted); *Khalil v. United States*, 133 Fed. Cl. 390, 392 (2017) ("[Section] '1983 does not confer jurisdiction on the Court of Federal Claims over claims against the United States.'" (quoting *Johnson v. United States*, 135 F.3d 778 (Fed. Cir. 1998) (*per curiam*) (citing *Blassingame v. United States*, 33 Fed. Cl. 504, 505 (1995))).[3]

---

[3] To the extent that Plaintiff intended to bring a *Bivens* action, *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), claiming that Border Patrol agents violated his constitutional rights, the Court likewise lacks jurisdiction over such a claim.  *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials."); *Hairston v. United States*, 99 Fed Cl. 695, 697 (2011) ("This Court thus lacks jurisdiction over [Plaintiff's] [Federal Tort Claims Act] and *Bivens* actions, both of which seek redress for constitutional torts.").  In his response to the government's motion, Plaintiff claims that his complaint is also against the Honorable Alia Moses, U.S.D.J., the Honorable Collis White, U.S.M.J., and the "United States District Attorney."

The Court likewise does not have jurisdiction over any of Plaintiff's constitutional claims. *See United States v. Connolly*, 716 F.2d 882, 887–88 (Fed. Cir. 1983) (holding that, "on any theory, the Claims Court lacks jurisdiction over [a plaintiff's] first amendment claim"); *Drake*, 792 F. App'x. at 920 ("The Court of Federal Claims does not have jurisdiction to render judgment on claims arising under the Fourth Amendment."); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) ("[T]he Due Process Clauses of the Fifth and Fourteenth Amendments [and] the Equal Protection Clause of the Fourteenth Amendment . . . [are not] a sufficient basis for jurisdiction because they do not mandate payment of money by the government."); *Mullenberg v. United States*, 857 F.2d 770, 773 (Fed. Cir. 1988) (holding that the due process and equal protection clauses of the Fifth and Fourteenth Amendments "do not trigger Tucker Act jurisdiction in the courts"); *Drake*, 792 F. App'x. at 920 ("The Court of Federal Claims, however, does not have jurisdiction to render judgment on claims against the United States based on the Sixth Amendment because it is not money mandating.") (citing *Maxberry v. United States*, 722 F. App'x. 997, 1000 (Fed. Cir. 2018) (*per curiam*)).

Finally, to the extent that Plaintiff asks this Court to review and reverse the entry of any civil judgment entered against him by the district court, the Court plainly lacks jurisdiction over such a request. *See, e.g.*, *Earl v. United States*, 787 F. App'x. 751, 752 (Fed. Cir. 2019) (*per curiam*) ("[T]he Claims Court is without jurisdiction to scrutinize the actions of another tribunal."); *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decision of district courts . . . relating to proceedings before those courts."). Similarly, the Court lacks authority to address Plaintiff's request that the Court dismiss the criminal charges against him; therefore, his motion to dismiss his criminal charges (ECF No. 11) is denied.[4] *See Winston v. United States*, 135 Fed. Cl. 271,

---

Pl. Opp. at 4.  For the same reasons that this Court does not have jurisdiction over any individual border patrol officers, Plaintiff may not maintain claims against these other individuals.

[4] In his response to the government's motion to dismiss, Plaintiff attempts to invoke 28 U.S.C. § 1495 as a basis for jurisdiction.  Pl.'s Opp. at 4.  The language of this provision provides that this Court "shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495.  Plaintiff, however, did not make a claim pursuant to 28 U.S.C. § 1495 or raise it as a basis for jurisdiction in his complaint, and, as a result, the Court may ignore this new argument for that reason alone.  *See Rice v. United States*, No. 08–734 C, 2009 WL 607404, at * 3 (Fed. Cl. Mar. 10, 1999) ("If the plaintiff has not identified a money-mandating statute in the complaint, the court must dismiss for lack of subject matter jurisdiction."). Moreover, even properly pleading a claim pursuant to section 1495 would not have saved Plaintiff's case:

> binding precedent . . . and the text of 28 U.S.C. § 1495 establish that Congress conditioned the exercise of jurisdiction under section 1495 upon a plaintiff further meeting the requirements of section 2513.  Stated differently, in order for a plaintiff seeking money damages for unjust conviction and imprisonment to be within the class of plaintiffs covered by the jurisdictional grant in section 1495, that plaintiff must [allege and prove] the requirements of section 2513.

*Brewer v. United States*, No. 20-1209, 2021 WL 655432, at *3 (Fed. Cl. Feb. 19, 2021).  Plaintiff does not, and cannot, allege that he has even been convicted of the crime for which he was arrested and is

272 (2011) ("This court has no power to review plaintiff's criminal proceedings nor order his release from incarceration.").

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the government's motion to dismiss Plaintiffs' complaint pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Zachary N. Somers
ZACHARY N. SOMERS
Judge

---

presently imprisoned. *See* Amended Scheduling Order *United States v. Javier Reyna-Jimenez*, 2:21–cr–0256–AM–1 (W.D. Tex.), ECF No. 74. Because he cannot make a nonfrivolous allegation that he is in the class of plaintiffs covered by 28 U.S.C. § 1495, he may not proceed further on this non-pleaded claim. *See Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1307 (Fed. Cir. 2008) (holding that if "plaintiff has made a nonfrivolous assertion that it is within the class of plaintiffs entitled to recover under the money-mandating source, the Court of Federal Claims has jurisdiction").